**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:07-CR-0286 |
| v. | (JUDGE CAPUTO) |
| GREGORY J. SALKO, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Dr. Gregory Salko's Motion for Partial Reconsideration of its August 26, 2008 Order. (Doc. 130.) Defendant seeks reconsideration of the Court's denial of his Motion to Dismiss the Indictment (Doc. 39) as to counts brought pursuant to 18 U.S.C. § 1035. For the reasons stated below, the Court will deny Defendant's motion.

**BACKGROUND**

A detailed account of the factual background involved in this matter is contained in the Court's August 26, 2008 Memorandum and Order (Doc. 130), and therefore is not required to be repeated in its entirety. Only the relevant facts will be discussed here.

On July 18, 2007, a grand jury charged Defendant with two (2) counts of health care fraud in violation of 18 U.S.C. § 1347 and seventeen (17) counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035. (Doc. 1.) The Indictment charged that Defendant, a licensed Pennsylvania physician, defrauded Medicare by billing

1

medical services for two (2) of his patients, Peggy Rogers and Patient X, that he allegedly never performed.  (*Id*. at 4, 11.)  It further charges Defendant with preparing Progress Notes falsely representing services provided to the two (2) patients and causing the notes to be maintained in their files.  (*Id*. at 7, 13.)

On December 10, 2007, Defendant filed a Motion to Dismiss the Indictment (Doc. 39), which the Court denied by its August 26, 2008 Memorandum and Order (Doc. 120). Defendant now moves for reconsideration of the August 26 Order as it pertains to Counts 2 through 10 and Counts 12 through 19 of the Indictment, brought pursuant to 18 U.S.C. § 1035.  This matter has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court [previously ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions

should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Defendant argues that the Court erred in denying his motion to dismiss Counts 2 through 10 and Counts 12 through 19 of the Indictment for false statements in health care matters under 18 U.S.C. § 1035.[1] He argues that the Court incorrectly relied on electronic claims submitted to Medicare as the basis for upholding the § 1035 counts. These counts, he contends, are not based on the claims, but rather on alleged false statements in Progress Notes included in the patient files of Peggy Rogers and Patient X. Finally, he argues that these Progress Notes cannot be "material" under § 1035 as a matter of law because they were never submitted to Medicare and thus never impacted the agency's payment decisions on Defendant's electronically submitted claims.

Defendant is correct in his argument that the Court erroneously relied on claims submitted to Medicare as a basis for denying his motion to dismiss the § 1035 claims. In its

---

[1] Section 1035 provides in relevant part:

> (a) Whoever, in any matter involving a health care benefit program, knowingly and willfully—
> ...
> (2) makes any materially false, fictitious, or fraudulent statements or representations, or makes, or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,
> 
> in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1035(a).

3

August 26, 2008 Memorandum, the Court first addressed counts in the Indictment brought for health care fraud under 18 U.S.C. § 1347 and found that claims electronically submitted to Medicare by Defendant may constitute material misrepresentations for purposes of that statute.  *United States v. Salko*, No. 07-cr-0286, 2008 U.S. Dist. LEXIS 65211, at *8 -*9 (M.D. Pa. Aug. 26, 2008) (Caputo, J.).  The Court then found that the same claims could constitute "materially false, fictitious, or fraudulent statements or representations" under § 1035.  However, Counts 2 through 10 and 12 through 19 of the Indictment charge Defendant with making materially false representations in the Progress Notes that he caused to be placed in Peggy Rogers' and Patient X's files.  (Indictment 7-9, 13-15, Doc. 1.)  Thus, the correct inquiry is whether the Progress Notes, not the electronic claims, can constitute "materially false, fictitious, or fraudulent statements or representations."

Defendant is incorrect, however, in arguing that the Progress Notes cannot be "material" for purposes of § 1035 because they were not submitted to Medicare. The statute on its face does not require that the alleged falsehoods be submitted to Medicare or otherwise relied upon by the agency in order to be punishable. The text of the statute makes it a crime to make materially false statements or representations *in connection with* the delivery of or payment for health care benefits or services. It also criminalizes the making or use of a materially false writing or document known to contain a materially false statement or entry *in connection with* the delivery of or payment for health care benefits or services. The text does not require that the falsehood be relied upon or even specifically addressed to the health care benefit program. The Government offers to explain at trial that Progress Notes are "part and parcel of every Medicare claim" because they are used to verify the accuracy of the claim when Medicare audits a provider's billings.  (Govt. Opp'n Br. 5, Doc.

4

142.) The Indictment alleges that Defendant caused his employees to generate Progress Notes falsely representing that certain services were provided in order to support claims submitted to Medicare. (Indictment 5, 12, Doc. 1.) It has made sufficient allegations to support a jury finding that the Progress Notes contain "materially false, fictitious, or fraudulent statement[s]or entr[ies]" made or used in connection with the delivery of or payment for health care benefits or services for purposes of § 1035.

In addition, case law on materiality provisions in federal statutes supports the conclusion that the Progress Notes need not be submitted to or relied on by Medicare in order to be "material" under § 1035. The United States Supreme Court has defined materiality as follows: "In general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Neder v. United States*, 527 U.S. 1, 16 (1999) (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988) (internal quotations omitted)). Contrary to Defendant's argument however, the U.S. Court of Appeals for the Third Circuit has interpreted this language to mean that "a statement may be material even if no agency actually relied on the statement in making a decision." *United States v. McBane*, 433 F.3d 344, 350 (3d Cir. 2005).[2] The *McBane* court identified

---

[2]  *McBane* applied the Supreme Court's materiality definition in the context not of § 1035, but of 18 U.S.C. § 1001, which criminalizes materially false statements made to a federal agency. 433 F.3d at 345. However, both the Supreme Court and the Third Circuit have applied the same definition to the materiality provisions of numerous federal statutes. *See, e.g.*, *Neder*, 527 U.S. at 16 (tax fraud statute); *Kungys*, 485 U.S. at 700 (material misrepresentation in naturalization petition); *United States v. McLaughlin*, 386 F.3d 547, 553-54 (3d Cir. 2004) (false statements of or failure to disclose a material fact in the context of labor organization reporting requirements); *In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995)

the relevant inquiry as "whether the falsehood was of a type that one would normally predict would influence the given decisionmaking body." *Id*. at 351.

In a case comparable to this, the U.S. District Court for the District of Vermont rejected defendant doctor's argument that allegedly false statements in patient charts were not "material" under § 1035, where such statements were available for review by a benefit program. *United States v. Chase*, No. 04-cr-135, 2005 U.S. Dist. LEXIS 35738, at *4 -*5 (D. Vt. Dec. 13, 2005). The court distinguished its earlier dismissal of other § 1035 counts against defendant for which there was no evidence that the patient charts were available for review by the decisionmaker. *Id*. at *4. The court reasoned:

> The evidence has demonstrated that once Dr. Chase submitted a reimbursement claim for surgery on a given patient, that patient's entire chart, including any and all [allegedly false] statements ..., became available for review by the patient's insurer. Because of the possibility that the insurer would take those statements into account during an audit or other review, a jury could find that Dr. Chase's statements ... were capable of influencing the insurer's decisionmaking process, and therefore that they were material.

*Id*. at *5.

The Court finds the *Chase* court's reasoning persuasive and consistent with the principles articulated by the Third Circuit on the definition of materiality. In this case, the Government offers to prove at trial that "when Medicare audits a provider's billings, it does so by comparing the physician's entries in his progress notes to the claimed procedure." (Govt. Opp'n Br. 5, Doc. 142.) By submitting electronic claims for services to Medicare,

---

(materially false statements in bankruptcy application). There is no reason to believe the Third Circuit's interpretation of the materiality definition should not apply in the present case.

Defendant opened up the possibility that the related Progress Notes would be reviewed and their contents would be relied on in assessing the propriety of payment decisions.  If the Progress Notes are part of Medicare's basis for reviewing the submitted claims, a reasonable jury could find they are capable of influencing its decisionmaking process and are thus material for § 1035 purposes.

Although the Court erroneously based its reasoning for denying Defendant's motion to dismiss the § 1035 counts on the claims submitted to Medicare, the allegedly false Progress Notes may constitute "materially false, fictitious, or fraudulent statements or representations" under the statute.  Thus, the result is the same and the 1035 counts will not be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Partial Reconsideration of its August 26, 2008 Order.  (Doc. 130.)

An appropriate Order follows.


October 20, 2008                                         /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES,

v.

GREGORY J. SALKO,

Defendant.

NO. 1:07-CR-0286

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this  20th  day of October, 2008, Defendant's Motion for Partial Reconsideration of the Court's August 26, 2008 Order (Doc. 130) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge