**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | NO. 1:07-CR-0286 |
| v. | (JUDGE CAPUTO) |
| GREGORY J. SALKO, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Dr. Gregory Salko's Renewed Motion for Bill of Particulars or, in the Alternative, Partial Reconsideration of its August 26, 2008 Order. (Doc. 128.) Defendant's alternative argument seeks reconsideration of the Court's August 26, 2008 Order to the extent it denies his earlier Motion for Bill of Particulars (Doc. 18) as to "the nature of the alleged falsehoods." (Mem. in Supp. of Def.'s Renewed Mot. 2 n. 1, Doc. 133.) For reasons stated below, the Court will deny Defendant's motion.

**BACKGROUND**

A detailed account of the factual background involved in this matter is contained in the Court's August 26, 2008 Memorandum and Order (Doc. 130), and therefore is not necessary here. Only the relevant facts will be discussed.

On July 18, 2007, a grand jury charged Defendant with two (2) counts of health care fraud in violation of 18 U.S.C. § 1347 and seventeen (17) counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035. (Doc. 1.) The Indictment

charges that Defendant, a licensed Pennsylvania physician, defrauded Medicare by billing medical services for two (2) of his patients, Peggy Rogers and Patient X, that he allegedly never performed, in violation of § 1347.  (*Id*. at 4, 11.)  It further charges Defendant with preparing Progress Notes falsely representing services provided to the two (2) patients and causing the notes to be maintained in their files in violation of § 1035 and also in order to conceal the fraud perpetrated in violation § 1347.  (*Id*. at 7, 13.)

On November 8, 2007, Defendant filed a Motion for Bill of Particulars (Doc. 18) seeking additional information he argued was necessary to clarify the charges against him.  The Court granted in part and denied in part Defendant's motion in its August 26, 2008 Memorandum and Order.  It denied his request for particulars "with respect to the nature and manner of the alleged fraud and concealment," but granted the motion "as to which bills [submitted to Medicare] were false, with the dates and amounts of the reimbursement." *United States v. Salko*, No. 07-cr-0286, 2008 U.S. Dist. LEXIS 65211, at *29, *30 (M.D. Pa. Aug. 26, 2008) (Caputo, J.).

The Government filed its Bill of Particulars on September 3, 2008 (Doc. 123), after which Defendant filed its renewed motion (Doc. 128) on September 10, 2008, arguing the Government response was insufficient.  The Government responded in opposition to the renewed motion (Doc. 143) on September 24, 2008, and Defendant filed a reply to the opposition (Doc. 151) on October 10, 2008.  This motion is fully briefed and ripe for review.

**DISCUSSION**

In its August 26, 2008 order, this Court granted Defendant's Motion for Bill of

2

Particulars to the extent it demanded clarification on the § 1347 charges "as to which bills [submitted to Medicare] were false, with dates and amounts of reimbursement." *Salko*, 2008 U.S. Dist. LEXIS 65211, at *30.  In response, the Government filed a bill containing, for each allegedly false claim: the Medicare claim number; the date the claim was received by Medicare; the medical service claimed to have been provided, identified by its procedure code number; the claimed date of medical service; the amount paid by Medicare; and the date this amount was paid.  (Doc. 123.)

After this response, Defendant renewed its earlier motion, arguing the bill is insufficient because it fails to advise Defendant "as to which of the representations in the electronic claims the Government contends are false." (Mem. in Supp. of Def.'s Renewed Mot. 3, Doc. 133.)  This information, he argues, "is necessary to prepare a defense." (*Id*. at 4.)  He notes that the Medicare billing code cited most frequently in the Bill of Particulars (Code 99335) encompasses several different possible medical services, not all of which must be performed to properly bill under the code,[1] and asks that the Government identify

---

[1] In its brief in opposition to Defendant's Motion to Dismiss the Indictment filed December 10, 2007 (Doc. 39), the Government explained, citing Medicare billing guidelines, that Code 99335 should only be billed for:

> domiciliary or rest home visit for the evaluation and management of an established patient, *which requires at least two of these three key components*:
> * an expanded problem focused interval history,
> * an expanded problem focused examination,
> * medical decision making of low complexity.

(Govt. Resp. in Opp'n to Mot. to Dismiss 10, Doc. 59) (emphasis in brief).

3

which of the key billing components are alleged to be omitted with respect to each visit with Ms. Rogers and Patient X.

In opposition to Defendant's renewed motion, the Government argues that it has already identified the Progress Notes which specify the services for which Defendant billed in each allegedly false Medicare claim. It argues that, because it is possible to bill for either non-physical or physical examination services under Code 99335, the Progress Notes reveal that Defendant specifically billed for physical examinations of Peggy Rogers and Patient X. As the Indictment alleges that Defendant did not perform these physical examinations (Indictment 4, 11, Doc. 1), the services listed the in Progress Notes form the basis for the Government's charge that he submitted false claims.

Defendant's reply brief to the Government's opposition states: "The defense accepts this explanation for the basis of the Government's false claims allegation ...." (Reply Mem. in Supp. of Def.'s Renewed Mot. 1, Doc. 151.) Defendant then suggests, without providing support, that the Government must be barred from arguing that any key component of Code 99335 was not performed apart from a physical examination. The Court does not agree. The Government has identified the factual basis for its charge that Defendant violated § 1347. While there exists support for the proposition that a bill of particulars limits the Government to presenting "proof within the area of the bill," *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954), the Court finds no basis for limiting how the Government chooses to argue its theory of the case.

The Government's response fulfills the purpose of a bill of particulars to provide a sufficient factual basis, where the indictment is lacking, for a defendant to be informed of the nature of the charges against him, adequately prepare a defense, avoid surprise at trial, and

protect against a second prosecution for an inadequately described offense.  *See United States v. Urban*, 404 F.3d 754, 771-72 (3d Cir. 2005) (describing sufficiency of indictment and purpose of bill of particulars).  Defendant is aware of the specific Medicare claims alleged to be false, with dates and amount of reimbursement as required by the Court in its August 26, 2008 Order and laid out in the Bill of Particulars.  (Bill of Particulars 1-2, Doc. 123.) He is aware of the Progress Notes, specified in the Indictment, that allegedly describe the services Defendant billed in those Medicare claims.  (Indictment 8-9, 14-15, Doc. 1.)  He purports to accept as sufficiently specific the Government's argument that, because Defendant allegedly did not perform the services reflected in the Progress Notes, he improperly billed Medicare for them.  The Court need not further limit how the Government argues that the facts alleged failed to fulfill Medicare billing requirements.  Because the Government filed a sufficient Bill of Particulars, the Court will deny Defendant's renewed motion.

The Court will also deny Defendant's motion in the alternative for reconsideration of its August 26, 2008 Order to the extent it denied his motion for a bill of particulars "with respect to the nature and manner of the alleged fraud and concealment."  *Salko*, 2008 U.S. Dist. LEXIS 65211, at *29.  Because no new arguments have been raised on this issue, the Court denies this motion on the basis of its reasoning in the August 26 Order.  *See id.*

### CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Renewed Motion for Bill of Particulars or, in the Alternative, Partial Reconsideration of its August 26, 2008 Order.

An appropriate Order follows.

| | |
|---|---|
| <u>October 24, 2008</u><br>Date | <u>/s/ A. Richard Caputo</u><br>A. Richard Caputo<br>United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES, | |
| | NO. 1:07-CR-0286 |
| v. | (JUDGE CAPUTO) |
| GREGORY J. SALKO, | |
| Defendant. | |

## ORDER

**NOW**, this  24th  day of October, 2008, Defendant's Renewed Motion for Bill of Particulars or, in the Alternative, Partial Reconsideration of its August 26, 2008 Order. (Doc. 128) is **DENIED**.

                                                                        /s/ A. Richard Caputo
                                                                        A. Richard Caputo
                                                                        United States District Judge