IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 1:CR-07-0286 |
| v. | : |
| | : (JUDGE CAPUTO) |
| GREGORY J. SALKO, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Defendant Dr. Gregory Salko filed an Omnibus Motion in Limine (Doc. 148) on October 1, 2008, moving to preclude the Government from offering evidence on a number of points, one of which is the subject of this Order.

The Government seeks to present evidence collectively referred to as the "Impossible Day" evidence. The Government says this evidence will show that Defendant spent very little time in the examinations of Peggy Rogers and Patient X, which in turn casts doubt on the legitimacy of the Progress Notes recording the treatment he says he provided them and upon which the billings to Medicare, which the Government claims are fraudulent, were based. Further, the Government seeks to present this evidence to corroborate witnesses who will testify as to the cursory nature of the examinations of Ms. Rogers and Patient X.

Essentially, the evidence is a series of proposed exhibits which utilize a "typical time" taken from the Current Procedural Terminology (CPT) code book regarding particular examinations Defendant billed Medicare for providing to various

patients over the period of the Indictment. These "typical times" for particular examinations are then applied to the codes for which Defendant billed over this time, and then added together into the total number of "typical time" hours associated with Defendant's billings in a particular day, (see proposed Exhibit 134), or year (see proposed Exhibit 112). The result is long hours (viz 20.1, 23.3, 16.3, 18.9 and 17.1, for example) on given days, suggesting that such a service day approached the impossible, thereby tending to show that Defendant was at best cursory in his examinations generally and of Ms. Rogers and Patient X specifically.

The first difficulty is that there is no evidence that the time spent with Ms. Rogers and Patient X in particular was cursory.

Secondly, and more important, is the essential conversion of "typical time" into required time. The long hours reflected in the exhibits are only meaningful if the fact finder concludes that Defendant should have spent the "typical time" on each service function or examination to properly bill for its completion. The "typical time" is neither required nor a suggested time in the CPT book. To permit the use of the exhibits to show what the Government proffers would be to accept "typical time" as required time, since the ultimate hours in the day are only meaningful if such were the case. Note that if the time spent was 60% of the typical time, the hours noted above would be 12.6 instead of 20.1, 14 instead of 23.3, 11.3 instead of 18.9 and 10.2 instead of 17.1.

The Government's evidence may be tenuously relevant to show that, because Defendant billed for services that would "typically" take a doctor an a great number of hours to complete, it is more likely he did only a cursory job or

2

exaggerated what he did. Nonetheless, it should be excluded under Federal Rule of Evidence 403.[1] "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence...." *Coleman v. Home Depot*, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002). First, its probative value to the charges is low. The inference provided by the aggregated "typical time" numbers does little to show that Defendant did not in fact provide the services in the specific billings identified in the Indictment, those of Ms. Rogers and Patient X. Indeed, the Government agrees a doctor is not required to spend a certain amount of time to bill a particular code. Moreover, the services billed for Patient X do not have an assigned "typical time." Second, the evidence presents the danger of unfair prejudice and confusion of the issues because the numbers easily move the fact finder to accept the aggregated "typical times" as reflecting the time that Defendant was required to spend in order to bill properly. In other words, the evidence leads to the assumption that he acted fraudulently because he did not spend the time he was supposed to spend with patients. This improperly converts what a doctor typically does into what is required of him. The Court finds that the minimal probative value of the "Impossible Day" evidence is substantially outweighed by the danger of unfair prejudice to the Defendant and confusion of the issues. Therefore,

---

[1] Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3

Defendant's motion *in limine* to exclude the foregoing evidence is granted.

Date: October 31, 2008

A. Richard Caputo
United States District Judge